UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VICTOR CESAR BOTA,

                    Plaintiff,

        -against-

GREGORY O'CONNOR; SOLARIS
ENTERTAINMENT; ESPN, INC.; TIMOTHY
DETTRO; JENNA ANTHONY; FABIO
CESNIK; 30WEST MEDIA GROUP,

                    Defendants.

---

25 Civ. 4449 (PAE)

ORDER

PAUL A. ENGELMAYER, United States District Judge:

Plaintiff, who is proceeding *pro se,* brings this action asserting claims of trademark infringement and conspiracy, and claims arising under state law.  By order dated May 30, 2025, the Court granted plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.  Dkt. 7.

Because plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult,* 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).  Plaintiff does not, however, provide addresses

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

where Defendants may be served.[2]  While the court will assist a plaintiff proceeding IFP with effecting service on a defendant, "[i]t is the responsibility of the plaintiff . . . to provide a current address at which service may be effected on each defendant." *Van Arsdol v. Charles*, No. 25-CV-5366 (LTS), 2025 WL 1808881, at *1 (S.D.N.Y. July 1, 2025) (quoting *Lewis v. Maldonado*, No. 14-CV-0437 (MPS), 2015 WL 2016174, at *1 (D. Conn. May 1, 2015)); *Sebastian v. Doe*, No. 25-CV-0911 (JAV), 2025 WL 831588 (S.D.N.Y. Feb. 19, 2025) (same); *see Hunter v. Hill*, No. 04-CV-0920, 2009 WL 483154, at *2 (W.D.N.Y. Feb. 25, 2009) ("[I]t is not the responsibility of the [Court] . . . to provide plaintiffs with the names and addresses of the defendants which they sue.").

The Court therefore directs plaintiff, within 30 days, to provide the Court with addresses at which defendants may be served. If plaintiff is unable to comply within the prescribed time, he should file a motion seeking an extension of time.

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases.  The Clinic may be able to provide plaintiff with advice in connection with locating a service address for Defendants.  The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any self-represented party through the Pro Se Intake Unit).

To make an appointment, plaintiff must complete the City Bar Justice Center's intake form. If plaintiff has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the Clinic can be contacted by phone (212-382-4794) or email

---

[2] Plaintiff alleges that O'Connor's "last known addresses have proven unreliable or were intentionally concealed." (ECF 1 at 2.) If the USMS is not successful in serving O'Connor at the address Plaintiff provides, the Court will address the issue at that time.

(fedprosdny@nycbar.org).  In-person appointments in the Thurgood Marshall Courthouse in Manhattan and the Charles L. Brieant Jr. Federal Building and Courthouse in White Plains are available Monday through Thursday, 10am to 4pm.  Appointments are also available remotely Monday through Friday, 10am to 4pm.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    December 1, 2024
          New York, New York

_____
PAUL A. ENGELMAYER
United States District Judge

3