# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

VICTOR CESAR BOTA,

Plaintiff,

-vs-

GREGORY O'CONNOR,

SOLARIS ENTERTAINMENT,

ESPN, INC.,

TIMOTHY DETTRO,

JENNA ANTHONY,

FABIO CESNIK,

30WEST MEDIA GROUP;

Defendants.

RECEIVED
JAN - 2 2026
PRO SE OFFICE

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE

Case No. 1:25-cv-04449 (PAE)

## I. INTRODUCTION

Plaintiff Victor Cesar Bota respectfully submits this Memorandum of Law in support of

his Motion for Alternative Service pursuant to Federal Rules of Civil Procedure 4(e)(1) and

4(f)(3), and CPLR § 308(5) in response to the Court's December 1, 2025 Order directing

Plaintiff to provide service addresses or seek appropriate relief.

This case involves multiple Defendants located across different jurisdictions, including New York, California, and Brazil. Certain Defendants have actively evaded service, while others reside abroad where Hague Convention service would be prohibitively time-consuming and costly. All Defendants have used email as a regular and reliable means of communication with Plaintiff concerning the subject matter of this dispute.

Under these circumstances, service by email is reasonably calculated to provide notice, consistent with due process, and is the most efficient and effective means to advance this litigation.

## II. LEGAL STANDARD

### A. Rule 4(e)(1) and CPLR § 308(5)

Federal Rule of Civil Procedure 4(e)(1) permits service upon an individual in accordance with the law of the state where the district court sits. New York's CPLR § 308(5) authorizes courts to direct alternative service methods when traditional methods are impracticable.

### B. Rule 4(f)(3)

Rule 4(f)(3) authorizes service on foreign defendants "by other means not prohibited by international agreement, as the court orders." Courts have broad discretion to approve alternative methods of service where circumstances so warrant.

### C. Case Law in This District

Courts in the Southern District of New York have repeatedly upheld service by email where it is reasonably calculated to give notice and where traditional service proves ineffective. See FTC v. PCCare247 Inc., 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013); In re GLG Life Tech Corp. Sec. Litig., 287 F.R.D. 262, 266 (S.D.N.Y. 2012); Sulzer Mixpac AG v. Medenstar Indus. Co., 312 F.R.D. 329, 331 (S.D.N.Y. 2015).

## III. ARGUMENT

### A. Service by Email Is Reasonably Calculated to Provide Notice

Each Defendant has previously communicated with Plaintiff via verified email addresses regarding the project at the center of this case. Plaintiff can provide documentary evidence, including message headers and screenshots, confirming that email is the parties' customary and reliable channel of communication. Courts consistently hold that such circumstances justify email service as consistent with due process.

### B. Traditional Service Is Impracticable or Impossible

Plaintiff has undertaken diligent efforts to locate Defendants through conventional means, without success. Defendant Gregory O'Connor has actively evaded service. Defendant Fabio Cesnik resides in Brazil, where Hague Convention service would cause significant delay and expense. Defendants Timothy Dettro and Jenna Anthony have uncertain addresses in New York and California. 30West Media Group has disregarded legal correspondence delivered to known addresses. These facts establish the impracticability of personal service under CPLR § 308(5).

## C. Alternative Service Meets Due Process Requirements

Due process requires that the method of service be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Email service in this case plainly satisfies that requirement, ensuring timely notice while avoiding procedural gamesmanship and unnecessary delay.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion for Alternative Service and authorize service of the Summons and Complaint upon Defendants by email to their previously verified and regularly used email addresses and deem such service sufficient under Federal Rules of Civil Procedure 4(e)(1) and 4(f)(3), and CPLR § 308(5).

December 15, 2025.

New York, New York