# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

VICTOR CESAR BOTA,

Plaintiff,

-vs-

GREGORY O'CONNOR,

SOLARIS ENTERTAINMENT,

ESPN, INC.,

TIMOTHY DETTRO,

JENNA ANTHONY,

FABIO CESNIK,

30WEST MEDIA GROUP;

Defendants.

RECEIVED JAN - 2 2026 PRO SE OFFICE

## NOTICE OF MOTION FOR ALTERNATIVE SERVICE

Case No. 1:25-cv-04449 (PAE)

Plaintiff Victor Cesar Bota, proceeding pro se, respectfully moves this Court, pursuant to Federal Rules of Civil Procedure 4(e)(1) and 4(f)(3), and CPLR § 308(5), for an Order granting leave to serve the Summons and Verified Complaint upon Defendants by alternative means, specifically by email to their previously verified and regularly used email addresses.

This Motion is filed in response to the Court's December 1, 2025, Order directing Plaintiff to provide service addresses or seek appropriate relief.

In support of this Motion, Plaintiff submits the attached Declaration, Memorandum of

Law, and Proposed Order.

Respectfully submitted,

Victor Cesar Bota
victorcesarbota@gmail.com

# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

VICTOR CESAR BOTA,

Plaintiff,

–v.–

GREGORY O'CONNOR,

SOLARIS ENTERTAINMENT,

ESPN, INC.,

TIMOTHY DETTRO,

JENNA ANTHONY,

FABIO CESNIK,

30WEST MEDIA GROUP,

Defendants.

---

## SUPPLEMENTAL DECLARATION REGARDING
## DILIGENT EFFORTS TO IDENTIFY SERVICE ADDRESSES

Case No. 1:25-cv-04449 (PAE)

I, Victor Cesar Bota, declare as follows pursuant to 28 U.S.C. § 1746:

1.      I am the Plaintiff in this action and submit this Supplemental Declaration to document the **full scope of my diligent, good-faith efforts** to identify service addresses and notice channels for Defendants, and to explain why the **volume, inconsistency, and ambiguity** of publicly available information renders traditional personal service impracticable absent Court authorization.

2. I am proceeding **pro se** and do not have access to proprietary investigative databases such as LexisNexis Accurint, CLEAR, or TLOxp, which are typically available to law firms and professional process servers. My efforts were therefore limited to **publicly accessible sources**.

3. In conducting my search, I reviewed professional profiles, corporate and industry websites, publicly available people-search databases, corporate contact pages, and known business affiliations associated with Defendants.

4. These searches produced **numerous potential contact points**, including business addresses, workplace locations, executive-level emails, and general corporate inboxes. However, as explained below, the **sheer number of possibilities—many of which are not individualized, not exclusive, or not verifiable as authorized service agents—makes unilateral selection by Plaintiff inappropriate** and necessitates judicial guidance.

5. With respect to Defendant **Fabio de Sá Cesnik**, I identified the following **professional business address and verified business email**, which appear consistently across public professional sources: Cesnik, Quintino, Salinas, Fittipaldi e Valério Advogados, Av. Paulista, 1776 – 18° andar, Bela Vista – CEP 01310-200, São Paulo, Brazil; email **cesnik@cqs.adv.br**; phone +55 (11) 3660-0300. I was unable to locate any publicly verifiable residential address.

6. With respect to Defendant **30West Media Group**, public sources associate the company with the business address **1663 18th Street, Santa Monica, California 90404**, and the phone number **(310) 651-7045**. Public corporate materials also list multiple general or executive-level

email addresses, including **info@30west.com**, **mgreen@30west.com**, **shong@30west.com**, and **tgroth@30west.com**. I do **not** assert that any of these addresses or individuals are authorized agents for service; rather, their existence demonstrates that **numerous internal channels exist through which notice would reliably reach the corporate defendant**, while simultaneously illustrating why Plaintiff cannot safely choose among them without Court authorization.

7.    With respect to Defendant **ESPN, Inc.**, I identified its long-standing corporate headquarters at **ESPN Plaza, 935 Middle Street, Bristol, Connecticut 06010-1000**. Public sources also reference general legal or corporate inboxes such as **legal@espn.com**, as well as employee-specific emails tied to ESPN and affiliated Disney entities. Again, Plaintiff does **not** certify these as authorized service endpoints but notes their existence as evidence that **professional notice channels are readily available**.

8.    With respect to Defendant **Jenna Anthony**, public professional information associates her with ESPN Films at **147 Columbus Avenue, 4th Floor, New York, New York 10023**, and with a professional email address **jenna.anthony@espn.com**. I was unable to locate a publicly verifiable residential address.

9.    With respect to Defendant **Timothy Dettro**, who has a **common name**, public searches produced **numerous inconsistent and conflicting residential addresses** across New York and New Jersey, including addresses in Manhattan, the Bronx, Nassau County, and Monmouth County. The inconsistency of these results prevented verification of any address as Defendant Dettro's current residence. Public sources also identify multiple professional email domains

associated with Disney and affiliated entities, including **timothy.dettro@disney.com** and **Timothy.M.Dettro@abc.com**, as well as a known Disney/ABC office location at **77 West 66th Street, New York, New York 10023**. Plaintiff does not assert that any single address or inbox is independently sufficient for service; rather, the multiplicity itself demonstrates the impracticability of unilateral selection.

10. With respect to Defendant **Gregory O'Connor**, I was unable to locate a publicly verifiable residential address. Public sources associate Defendant O'Connor with the business email **gregoc@solarisentertainment.com**, and I am aware that counsel at Lewis Brisbois Bisgaard & Smith LLP has represented Defendant O'Connor in the same project in the past. Plaintiff does not assert service upon counsel absent Court authorization, including counsel reachable at **Steven.Beer@lewisbrisbois.com** .

11. The purpose of identifying the foregoing addresses, emails, and contacts is **not** to certify them as valid service addresses, but to demonstrate that Plaintiff exercised exhaustive **good-faith diligence,** and that the **breadth and ambiguity of available contact information make self directed service inappropriate** without judicial direction.

12. The existence of multiple plausible notice channels—none of which can be confirmed by Plaintiff as authorized agents for service—supports, rather than undermines, Plaintiff's request that the Court **select and authorize** one or more methods reasonably calculated to provide actual notice.

13. For these reasons, and due to the absence of reliably verifiable residential addresses for certain Defendants despite diligent efforts, Plaintiff previously filed a **Motion for Alternative Service**, requesting that the Court determine the appropriate method or methods of service in its discretion.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 19, 2025
New York, New York

Victor Cesar Bota
Plaintiff, Pro Se

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR CESAR BOTA,

Plaintiff,

-vs-

GREGORY O'CONNOR,

SOLARIS ENTERTAINMENT,

ESPN, INC.

TIMOTHY DETTRO,

JENNA ANTHONY,

FABIO CESNIK,

30WEST MEDIA GROUP,

Defendants.

---

## ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE

Case No. 1:25-cv-04449 (PAE)

Upon consideration of Plaintiff's Motion for Alternative Service, together with the
Declaration and Memorandum of Law submitted in support thereof, and good cause appearing,

IT IS HEREBY ORDERED that:

1.     Plaintiff is granted leave to serve the Summons and Complaint on Defendants
GREGORY O'CONNOR, SOLARIS ENTERTAINMENT, ESPN, INC., TIMOTHY DETTRO,
JENNA ANTHONY, FABIO CESNIK, and 30WEST MEDIA GROUP, by electronic mail

to their previously verified and regularly used email addresses, as identified in Plaintiff's motion papers.

2.      Such service shall be deemed good and sufficient service of process under Federal Rules of Civil Procedure 4(e)(1) and 4(f)(3), and CPLR § 308(5).

3.      Plaintiff shall complete such service within fourteen (14) days of this Order and shall file proof of service with the Court within seven (7) days thereafter.

SO ORDERED.

Dated: _____, 2025

New York, New York

_____
United States District Judge

# PRIORITY MAIL EXPRESS®

## FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP

This package is made from post-consumer waste. Please recycle - again.

RECEIVED JAN 2 - 2026 CLERK'S OFFICE S.D.N.Y.

RECEIVED JAN - 2 2026 PRO SE OFFICE



PS10001000006

EP13F October 2023
OD: 12 1/2 x 9 1/2

---

RDC 07

S2324P506741

| UNITED STATES POSTAL SERVICE® | PRIORITY MAIL EXPRESS® |

EJ 961 491 064 US

**CUSTOMER USE ONLY**

**FROM:** (PLEASE PRINT)   PHONE ( ) 917 455-8459

Victor Cesar Bota
322 W 52nd St. # 1764
New York, NY 10019

**DELIVERY OPTIONS** (Customer Use Only)

☑ **SIGNATURE REQUIRED** Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

**TO:** (PLEASE PRINT)   PHONE 212 805-0136

Southern District of New York
500 Pearl Street
New York, NY 10007

**ZIP + 4®** (U.S. ADDRESSES ONLY)   **Pro Se**

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

    ⇐ **PEEL FROM THIS CORNER**

$33.40

**PAYMENT BY ACCOUNT** (if applicable)
USPS® Corporate Acct. No.   Federal Agency Acct. No. or Postal Service™ Acct. N

**ORIGIN (POSTAL SERVICE USE ONLY)**

| ☐ 1-Day | ☐ 2-Day | ☐ Military | ☐ |
|---|---|---|---|
| PO ZIP Code **07043** | Scheduled Delivery Date (MM/DD/YY) | Postage $ **33.40** | |
| Date Accepted (MM/DD/YY) **12/27/25** | Scheduled Delivery Time ☐ 6:00 PM | Insurance Fee $ | COD Fee $ |
| Time Accepted **10:37** ☐ AM ☐ PM | | Return Receipt Fee $ | Live Animal Transportation $ |
| | Special Handling/Fragile $ | Sunday/Holiday Premium Fee $ | Total Postage & Fees |
| Weight ___ lbs. ___ ozs. | ☐ Flat Rate | Acceptance Employee Initials **LG** | $ **33.40** |

**DELIVERY (POSTAL SERVICE USE ONLY)**

| Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature |
|---|---|---|
| Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature |

LABEL 11-B, MAY 2021   PSN 7690-02-000-9996

 how2recycle.info PAPER POUCH

  **UNITED ST... POSTAL SE...**