UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_Victor Cesar Bota_

(*List the name(s) of the plaintiff(s)/petitioner(s).*)

1:25 Civ. _04449_ _(PAE)_ _(VF)_

- against -

**AFFIRMATION OF SERVICE**

_Gregory O'Connor / Solaris_
_ESPN / 30 West /_
_Fabio Coswik etc..._

(*List the name(s) of the defendant(s)/respondent(s).*)

I, (*print your name*) _Victor Cesar Bota_, declare under penalty of perjury that I

served a copy of the attached (*list the names of the documents you served*): _____

_Summons, Complaint, Order of Service_

upon all other parties in this case by (*state how you served the documents, for example, hand delivery,*

*mail, overnight express*) _Email_ _____ to the

following persons (*list the names and addresses of the people you served*): _____

_Stevon Baer_

on (*date you served the document(s)*) _03/11/26_.

_03/18/26_

Dated

RECEIVED
MAR 30 2025
PRO SE OFFICE

Signature _05 N. Fullerton Ave #21_

Address _Montclair NJ_

City, State _07042_

Zip _917478 5985_

Telephone Number _VictorCesarBota@Gmail.com_

E-Mail Address

*Rev. 01/2013*

From: VCB victorcesarbota@gmail.com
Subject: SERVICE OF PROCESS – Bota v. O'Connor et al. Case No. 1:25-cv-04449
(PAE)(VF)
Date: Mar 11, 2026 at 12:13:20 PM
To: Steven.Beer@lewisbrisbois.com
Cc: Victor Cesar Bota victorcesarbota@gmail.com, gregory o'connor
gregoc@solarisentertainment.com, pro_se_filing@nysd.uscourts.gov

Steven Beer,

Pursuant to the Order of Service issued by the United States District Court for the Southern District of New York on March 3, 2026, in Bota v. O'Connor et al., Case No. 1:25-cv-04449 (PAE)(VF), you are hereby served with the Summons and Complaint in this action.

Service is being effected by email as authorized by the Court's Order.

This email constitutes service of process pursuant to the Court's Order.

Best regards,

Victor Cesar Bota



**file0.328498764467565
.pdf**
120 KB



**SDNY complaint copy.pdf**
212 KB



**file0.267924366324348
.pdf**
77 KB

-------------------------------------------------------------------X
VICTOR CESAR BOTA,

                                        Plaintiff,                    **25-CV-4449 (PAE) (VF)**

                        -against-                                    **ORDER OF SERVICE**

GREGORY O'CONNOR et al.,

                                        Defendants.
-------------------------------------------------------------------X
**VALERIE FIGUEREDO, United States Magistrate Judge:**

Plaintiff is pro se. By order dated May 30, 2025, the Court granted Plaintiff's request to

proceed without prepayment of fees, that is, in forma pauperis. ECF No. 7. On January 13, 2026,

the Court directed service upon defendants 30West Media Group, ESPN, Inc., Timothy Dettro,

and Jenna Anthony, and directed Plaintiff to provide an address for defendant Solaris

Entertainment, so service could be effectuated on Solaris Entertainment and Gregory O'Connor,

who Plaintiff believed worked at Solaris Entertainment. ECF No. 17.

On January 28, 2026, Plaintiff filed a letter stating that "[d]espite diligent investigation,"

he has been unable to locate an address for Solaris Entertainment or O'Connor. ECF No. 19 at 3,

4-6. Plaintiff requests leave to serve O'Connor and Solaris Entertainment via e-mail and through

O'Connor's former counsel, Steven Beer. Id. at 4. Plaintiff additionally states that he

encountered the same difficulties when he attempted to affect service on O'Connor and Solaris

Entertainment in state court, noting that the court there permitted alternative service. Id. at 6-7,

13.

Courts have the discretion to direct alternative methods for service of process when it has

been determined that other methods of service are impracticable. Europgold Ltd. v. Silver N

Gold Wholesale, LLC, No. 24-CV-07297 (JLR), 2025 WL 897100, at *1 (S.D.N.Y. Mar. 24,

2025). "[I]mpracticability does not require satisfying due diligence, or even showing that actual

prior attempts to serve a party under each and every method provided in the statute have been undertaken." Id. (quoting Charly Acquisitions, Ltd. v. 43 N. Broadway, LLC, No. 23-CV-09851 (KMK) (AEK), 2024 WL 5244873, at *6 (S.D.N.Y. Dec. 30, 2024)). "The movant must also demonstrate that the proposed method of alternative service is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Id. (quoting Doe v. Hyassat, 337 F.R.D. 12, 15 (S.D.N.Y. 2020)). "Courts have found that service by email is an appropriate method of alternative service where a plaintiff demonstrates that the email is likely to reach the defendant." Id. (internal quotation marks and citation omitted).

As to individual defendant O'Connor, Plaintiff has represented that despite his diligent efforts, he has been unable to locate an address for O'Connor. ECF No. 19 at 4-6. Plaintiff requests that he be permitted to serve O'Connor through e-mail to O'Connor and O'Connor's former counsel, Steven Beer. Plaintiff includes as an exhibit an e-mail with Beer from March 31, 2025, where Beer states that he "represented Gregory O'Connor on certain matters in the past" but was not O'Connor's current attorney. ECF No. 19 at 15. In Beer's e-mail, he includes Gregory O'Connor's e-mail address. Id. Given the e-mail indicating that Beer served as O'Connor's attorney and the fact that Beer provided an e-mail address for O'Connor, service on Beer and through e-mail to O'Connor is likely to inform O'Connor about this pending suit. See, e.g., Wells Fargo Bank, N.A. v. Johnson, No. 20-CV-5496 (LDH) (LB), 2021 WL 9678391, at *3 (E.D.N.Y. Feb. 9, 2021) (approving service by e-mail on individual defendant where it was "reasonably likely that defendant [ ] will receive notice of this action if service is made by email"); Charly Acquisitions, Ltd. v. 43 N. Broadway, LLC, No. 23-CV-9851 (KMK) (AEK), 2024 WL 5244873, at *5 (S.D.N.Y. Dec. 30, 2024) (granting request for alternative service via

2

e-mail on individual defendant); <u>Sirius XM Radio Inc. v. Aura Multimedia Corp.</u>, 339 F.R.D. 592, 593 (S.D.N.Y. 2021) (authorizing service by e-mail on defendant's former counsel); <u>Khan Funds Mgmt. Am., Inc. v. Nations Techs. Inc.</u>, No. 22-CV-5055 (ER), 2024 WL 3013759, at *6 (S.D.N.Y. June 13, 2024) (granting alternative service on counsel that was "not authorized to accept service on Defendant's behalf" because "the Court's order to serve these attorneys is not to suggest that the lawyers must accept service on the defendant's behalf, but rather sending the service papers to these attorneys is simply a method of notice that is likely to inform the defendant of this lawsuit").

As to corporate defendant Solaris Entertainment, Plaintiff states that O'Connor uses Solaris Entertainment "as a business name or trade name in connection with film and media projects." ECF No. 19 at 2. He states that, to the best of his knowledge, "Solaris Entertainment is not a separately incorporated entity known to me, but rather a DBA or informal business designation used by Mr. O'Connor personally." <u>Id.</u> Plaintiff states that he "has been unable to identify any registered corporation, limited liability company, or other legal entity named 'Solaris Entertainment' associated with Gregory O'Connor in New York, California, or any other relevant jurisdiction." <u>Id.</u> at 3. Given these representations, service on Solaris Entertainment can be made through O'Connor. <u>Radiancy, Inc. v. Viatek Consumer Prods. Grp., Inc.</u>, 138 F. Supp. 3d 303, 314 (S.D.N.Y. 2014) (stating that New York law permits service on a corporation through a director, officer, managing or general agent, or any other agent authorized by law to accept service); <u>see also</u> <u>CKR L. LLP v. Anderson Invs. Int'l, LLC</u>, 525 F. Supp. 3d 518, 525, 527 (S.D.N.Y. 2021) (granting motion to serve individual defendant by e-mail and WhatsApp message and to defendant corporations where individual defendant was an officer or principal of each entity). As such, if Solaris Entertainment is a corporate entity, then service on O'Connor is

3

reasonably likely to notify Solaris Entertainment of the pending suit. Plaintiff may therefore serve Solaris Entertainment by e-mail to O'Connor.

Plaintiff's motion for alternative service is **GRANTED**. Plaintiff may serve O'Connor by e-mail to gregoc@solarisentertainment.com and steven.beer@lewisbrisbois.com. Plaintiff may serve Solaris Entertainment by e-mail to gregoc@solarisentertainment.com. The deadline to complete the authorized service and to file proof of service on the docket is extended to **March 27, 2026**.

**SO ORDERED.**

DATED:  New York, New York
March 3, 2026

_____
VALERIE FIGUEREDO
United States Magistrate Judge

4