UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

VICTOR CESAR BOTA,

Plaintiff,

v.

GREGORY O'CONNOR; SOLARIS PRODUCTIONS, INC., incorrectly sued as SOLARIS ENTERTAINMENT and/or doing business as SOLARIS ENTERTAINMENT; ESPN, INC.; TIMOTHY DETTRO; JENNA ANTHONY; FABIO CESNIK; 30WEST VENTURES, LLC, incorrectly sued as 30WEST MEDIA GROUP,

Defendants.

Case No. 1:25-cv-04449-PAE-VF

PLAINTIFF'S LETTER REQUESTING DETERMINATION OF THE LEGAL EFFECT OF COURT-DIRECTED SERVICE ON CESNIK AND FURTHER SERVICE DIRECTIONS

Dear Judge Figueredo:

I respectfully request a determination of the legal effect of the Court-directed service procedure completed and docketed as to Defendant Fábio de Sá Cesnik, and, only if the Court concludes that something further is legally required, precise direction before the September 4, 2026 deadline established by Dkt. 74. The relevant docket sequence is settled. On January 13, 2026, the Court entered its Order of Service. Dkt. 17. The Court selected the service procedure and expressly directed the Clerk to mail the summons and Complaint to Cesnik by registered mail at his law-firm address in São Paulo, Brazil:

Cesnik, Quintino, Salinas, Fittipaldi e Valerio Advogados,
Av. Paulista, 1776 – 18° andar
Bela Vista – CEP 01310-200
São Paulo, Brazil.

On January 22, 2026, the Clerk carried out that order. The official docket states that the Clerk mailed the summons, Complaint, and Order of Service to Cesnik at the ordered address by registered mail and identifies Certified Mail No. 7018 1830 0001 1674 6333. Cesnik has not appeared, answered, moved, or otherwise defended. The Court ordered it. The Clerk did it. The Clerk docketed that it did it. That service act was not left for me to perform or prove.

I provided Cesnik's service address and completed every service-related act assigned to me. I was not the sender of the January 22 mailing. I did not select the mailing method, send the package, purchase the postage, control the registered-mail item, receive any return receipt,

maintain the postal tracking record, or make the docket entry. Once the Court assigned the mailing to the Clerk and the Clerk entered its completion on the official docket, no mailing act remained for me to perform. A docketed mailing cannot now be recast as an unperformed task of the pro se litigant who neither sent nor controlled it.

Dkt. 74 later extended the service deadline for Cesnik, Dettro, and Anthony to September 4, 2026. But Dkt. 74 did not vacate Dkt. 17, state that the Clerk's January 22 mailing was defective, identify any service act I had failed to perform, or direct me to repeat the mailing. Its inclusion of Cesnik therefore creates a narrow legal question about the effect of the Court-directed mailing already completed—not a factual question about whether Dkt. 17 was carried out. The official docket establishes that Dkt. 17 was carried out.

The docket entry proves that the Clerk performed the act the Court ordered. To the extent Federal Rule of Civil Procedure 4(l)(2) requires a receipt or other evidence satisfying the Court for service outside the United States, any such evidence arose from the Clerk's mailing and remains within the possession or control of the Clerk and the postal system, not me. I cannot create proof of a mailing I did not perform. If additional documentary proof is required, I respectfully request that the Court direct the Clerk to retrieve and docket any registered-mail receipt, delivery confirmation, tracking history, returned envelope, postal response, or other record generated by its January 22 mailing. Federal Rule of Civil Procedure 4(l)(3) provides that failure to prove service does not affect otherwise valid service and permits proof of service to be amended. A missing receipt or undocketed tracking record therefore should not be treated as proof that the Court-directed mailing never occurred, much less as a failure by me. The mailing occurred. The Clerk's docket entry says so. The remaining question is its legal consequence.

I understand that Brazil has objected to the methods of transmission described in Article 10 of the Hague Service Convention. See Hague Conference on Private International Law, *Brazil—Declarations and Reservations*, Reservation to Article 10 (Nov. 29, 2018). I do not ask the Court to ignore that issue or presume that registered mailing was legally sufficient without analysis. But registered mailing was not a unilateral method selected or attempted by me. The Court selected it, directed the Clerk to perform it, and the Clerk completed and docketed it. If Brazil's objection means that an additional or different procedure is required, that would be a new direction from the Court—not retroactive noncompliance by me with Dkt. 17.

A separate question concerns the later First Amended Verified Complaint. The Clerk's January 22 mailing concerned the original Complaint. Federal Rule of Civil Procedure 5(a)(2) provides that no service is required on a party "who is in default for failing to appear," but a pleading asserting a new claim for relief against such a party must be served under Rule 4. I respectfully request that the Court determine whether the First Amended Verified Complaint asserts any new claim for relief against Cesnik requiring separate Rule 4 service and, if so, identify the precise documents and procedure required.

I therefore respectfully request that the Court:

• determine whether the January 22, 2026 registered mailing completed service on Cesnik pursuant to Dkt. 17;

• if additional documentary proof is necessary, direct the Clerk to retrieve and docket any receipt, tracking history, delivery confirmation, returned envelope, postal response, or other record generated by the Clerk's mailing;

• if service was complete, identify the date on which Cesnik's time to answer or otherwise respond expired and confirm that I may proceed to request entry of default under Federal Rule of Civil Procedure 55(a);

• determine whether the First Amended Verified Complaint must be separately served upon Cesnik under Rules 4 and 5(a)(2);

• if further service is legally required, identify the exact documents, method, translation requirements, and procedural steps required and direct the Clerk or U.S. Marshals Service to complete that procedure because I proceed in forma pauperis under 28 U.S.C. § 1915 and Rule 4(c)(3); and

• if additional service is ordered, extend the September 4, 2026 deadline for a reasonable period running from the date of the Court's new direction, so that I am not charged with delay occurring before the required procedure was identified.

The Court has already recognized that, because I proceed in forma pauperis, I am entitled to rely on the Court and the U.S. Marshals Service to effect service. Dkt. 17 at 1–2; 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3); Walker v. Schult, 717 F.3d 119, 123 n.6 (2d Cir. 2013). I relied on the method selected by the Court and the mailing completed by the Clerk. I should not lose claims, face dismissal, or be required to duplicate foreign service because the Court later determines that its selected procedure requires an additional record or a different method. I am not asking the Court to invent delivery proof, presume a fact absent from the record, or enter default before service is legally resolved. I am asking the Court to distinguish a Court-controlled record question from a service failure by me. The official docket establishes that Dkt. 17 was carried out. The Court should now determine what that completed and docketed procedure legally accomplished and identify what, if anything, remains. If the Court concludes that the January 22 mailing completed service and Cesnik's response period expired, his failure to appear or otherwise defend should proceed under Rule 55(a). If the Court concludes that another service procedure is required, I respectfully request a specific order identifying that procedure and assigning its completion to the Clerk or U.S. Marshals Service. Either way, the completed January mailing cannot fairly be treated as though I ignored the Court's order or left an assigned service task undone.

Nothing in this letter waives any claim, argument, service position, default position, objection, preservation issue, appellate issue, deadline position, or right.

Respectfully submitted, July 13, 2026

/s/ *Victor Cesar Bota*

Victor Cesar Bota
victorcesarbota@gmail.com