UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR CESAR BOTA,
Plaintiff,

-v-

GREGORY O'CONNOR et al.,
Defendants.

Case No. **1:25-CV-04449-PAE-VF**

PLAINTIFF'S LETTER REQUESTING FURTHER DIRECTION REGARDING SERVICE

Dear Judge Figueredo:

Plaintiff submits this status update pursuant to ECF No. 104 solely to obtain concrete direction for completing service on Defendant Fábio de Sá Cesnik in the manner the Court determines proper; this is not a merits request. Plaintiff has complied with every service direction entered by the Court. ECF No. 17 recognized that, because Plaintiff proceeds *in forma pauperis*, he is entitled to rely on the Court and U.S. Marshals Service to effect service, instructed the Clerk and Marshals regarding service, and specifically directed the Clerk to mail the summons and Complaint by registered mail to Cesnik's São Paulo law-firm address. Plaintiff supplied that address; on January 22, 2026, the Clerk executed the Order and mailed the summons, Complaint, and Order of Service there. Plaintiff therefore neither selected the method later found defective nor failed to perform any service obligation assigned to him.

ECF No. 104 later determined that the Court-directed mailing did not constitute proper service because Brazil does not permit service by mail, directed service through Brazil's Central Authority, and directed Plaintiff to contact the Pro Se Legal Clinic "to assist with international service." The problem was no longer locating Cesnik — Plaintiff had already done that — but implementing the Court's prior Clerk/Marshal/IFP service process through Brazil's Central Authority. Plaintiff complied and repeatedly sought an executable procedure covering the required forms, accompanying documents, translations, copies, signatures, transmission, Clerk/Marshal duties, and IFP costs, but the Clinic supplied only general materials and some answers, not the instructions necessary to complete service. That failure matters. The Clerk performed the original Court-ordered method, and only afterward did the Court determine that method was legally insufficient. If Hague service remains necessary, Plaintiff asks the Court to resolve those mechanics, including any translation and certification requirements and how the prior IFP service determination governs the process. The Hague Conference's official practical information for Brazil states that execution usually takes nine to eighteen months**.** If the complete service package must be translated, it exceeds 100 pages**,** and professional Portuguese translation and any required certification would impose substantial expense on an IFP litigant. The Hague route therefore carries unresolved mechanics, substantial potential cost, and nine to eighteen months of additional delay. That burden is especially significant because Cesnik conducts professional business in the United States in English, communicated and conducted professional dealings with Plaintiff in English, and is registered as a Foreign Legal Consultant with the California Bar. Those facts do not eliminate

any translation requirement governing Hague transmission; they reinforce why domestic personal service or Court-authorized electronic service would provide Cesnik understandable actual notice without importing Hague expense, delay, and mechanics into a method that does not require transmission through Brazil's Central Authority.

There is now a concrete domestic opportunity that did not exist when ECF No. 104 was entered. Public information identifies Cesnik as a scheduled speaker and moderator at TechTainment 2026 on October 16, 2026, at the ASU California Center Broadway, 1111 South Broadway, Suite 100, Los Angeles, California 90015, including a scheduled 1:00–1:55 p.m. appearance. Cesnik is therefore expected at a known U.S. location, date, and time. Plaintiff requests a new summons for the operative First Amended Verified Complaint and an order directing the U.S. Marshals Service to attempt personal service upon Cesnik there pursuant to Rules 4(e)(2)(A) and 4(c)(3). Personal delivery in California would accomplish domestic service without transmission through Brazil's Central Authority. This materially changes ECF No. 104: Plaintiff previously had no specific future U.S. location where Cesnik could predictably be found; he now does. Successful TechTainment service would eliminate the foreign-service mechanics, translation burden, expense, and delay; if Cesnik does not appear or cannot be located, Plaintiff requests the alternative and Hague methods below.

Plaintiff sues Cesnik individually, not CQS/FV or any associated firm. CQS/FV's former Los Angeles office has closed, and Cesnik has no stable public U.S. office known to Plaintiff, yet Plaintiff can document his continuing U.S. professional activity through conferences, scheduled meetings, hotels and other temporary locations, and electronic communications. His physical business location changes; his professional email does not. Cesnik is also registered as a Foreign Legal Consultant with the California Bar, further demonstrating continuing U.S. professional ties. He uses that email to arrange meetings, communicate professionally, and conduct international business. Plaintiff does not claim email is literally a physical office; the point is that Cesnik himself uses it as a stable business channel while his physical location changes. The question is whether service is reasonably calculated to place the summons and operative First Amended Verified Complaint before Cesnik personally, not whether CQS/FV may be served in his place. An email Cesnik personally uses for cross-border business is therefore a direct channel of actual notice. Cesnik also conducts U.S. professional business in English, communicates and conducts professional dealings with Plaintiff in English, and uses English in his cross-border professional communications. Those facts do not override any Hague translation requirement, but they support domestic personal or Court-authorized electronic service as understandable actual notice without the Hague translation burden. That reasoning is consistent with ECF No. 21 and supports alternative service under Rule 4(f)(3), which permits other Court-ordered means not prohibited by international agreement. There, the Court authorized electronic service on O'Connor directly and through former counsel, although counsel was not authorized to accept service, because those channels were reasonably likely to inform O'Connor of the action. Cesnik's verified professional email presents the same notice question. Plaintiff also has a comparable professional conduit: attorney Natalia Aranovich, using the CQS professional email domain associated with Cesnik's firm, personally introduced Plaintiff to O'Connor concerning the Gracie project and thereby initiated the relationship underlying this action. Plaintiff therefore requests Rule 4(f)(3) authorization to serve Cesnik by transmitting the new summons and operative First Amended Verified Complaint directly to him and simultaneously through Aranovich, mirroring ECF No. 21's use of O'Connor's former attorney as a notice channel even though that attorney was not authorized to accept service. Plaintiff does not claim Aranovich is authorized to accept service or seek to substitute CQS/FV or Aranovich for Cesnik; the request rests on her documented connection to Cesnik and direct role in

connecting Plaintiff to O'Connor concerning this project. Plaintiff likewise requests, if appropriate, supplemental transmission through O'Connor. Aranovich connected Plaintiff and O'Connor, and Cesnik and O'Connor thereafter participated in the same project-related chain. Plaintiff does not claim O'Connor is Cesnik's service agent; he asks only that the Court consider whether this documented professional chain, together with direct service to Cesnik's business email, is reasonably calculated to ensure actual notice. Plaintiff also preserves the January service record: the original summons and Complaint were transmitted exactly as ECF No. 17 directed; Plaintiff supplied the address; the Clerk executed the Court-selected method; and the docket confirms the January 22, 2026 mailing. The later ruling that the method was legally insufficient does not reflect neglect, abandonment, delay, or failure by Plaintiff, who complied with the ordered procedure and continued pursuing service after the Court changed the required method.

Plaintiff therefore respectfully requests that the Court authorize service upon Cesnik individually by one or more methods, including but not limited to: **(1)** issuing a new summons and directing the U.S. Marshals Service to attempt personal service upon Cesnik at TechTainment 2026, ASU California Center Broadway, 1111 South Broadway, Suite 100, Los Angeles, California 90015, on October 16, 2026, including in connection with his scheduled 1:00–1:55 p.m. appearance, or at another documented U.S. professional appearance where he is expected to be present; **(2)** under Rule 4(f)(3), authorizing direct electronic service at Cesnik's verified professional email, which he personally uses for international professional business; **(3)** under the same authority, authorizing simultaneous transmission through attorney Natalia Aranovich as a professional notice channel, analogous to ECF No. 21's authorization to serve O'Connor through former counsel even though counsel was not authorized to accept service, without treating Aranovich or CQS/FV as the defendant or claiming she is authorized to accept service for Cesnik; **(4)** if domestic personal service is unsuccessful, authorizing supplemental transmission through O'Connor and/or counsel for the appearing ESPN/Disney-related defendant as additional professional notice conduits, because Cesnik himself acknowledged in writing that he represents Disney, ESPN's parent company, in Brazil, without representing that appearing counsel represents Cesnik or is independently authorized to accept service for him; **(5)** if those methods are unavailable, unauthorized, or unsuccessful, directing the Clerk and U.S. Marshals Service to complete Hague service through Brazil's Central Authority and specifying Plaintiff's obligations concerning forms, translations, certification, copies, transmission, and costs in light of his IFP status; or **(6)** authorizing any combination of those or other lawful methods the Court finds sufficient and reasonably calculated to provide Cesnik actual notice.

Plaintiff stands ready to provide every document, form, translation, address, email, exhibit, or other item the Court needs. He has neither abandoned service nor ignored any Court direction. Plaintiff complied with the original Order of Service and the subsequent direction to seek assistance from the Pro Se Legal Clinic; identified a concrete opportunity for personal service within the United States, Cesnik's stable professional electronic channel, and documented professional conduits; and returns to the Court because the assistance the Court directed him to obtain did not produce the practical procedure necessary to carry out ECF No. 104. Plaintiff respectfully requests that the Court select and direct the method or combination of methods by which service can be completed. Plaintiff further requests that no party or counsel disclose to Cesnik the specific personal-service information contained in this request before service is attempted.

Respectfully submitted,

Victor Cesar Bota